UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:20CR88-KDB |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SCOTT HOOVER | ) | |
| | ) | |

## GOVERNMENT'S NOTICE OF INTENT TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 414

Pursuant to Federal Rules of Evidence 414 and 404(b), the United States of America, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, hereby gives notice of its intent to introduce at trial evidence of Defendant's commission of other acts, and in particular evidence of Defendant's commission of other offenses involving the sexual abuse of the victims and other minors, as well as other visual depictions of the victims and evidence from his iPhone.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. CONDUCT LEADING TO THE FEDERAL INDICTMENT

Defendant was arrested on August 15, 2019 for eight counts of Felony Indecent Liberties with a Minor, in violation of N.C. Gen Stat. § 14-202.1. After Defendant's arrest, his employer, Wells Fargo initiated an internal investigation. As part of the investigation, they collected Defendant's work phone, an iPhone 7 Plus, from his wife on or around August 22, 2019. As part of the investigation, an employee at Wells Fargo reviewed its contents. The examiner found a video of a minor masturbating in a "Calculator+" application on the phone. The examiner, a former Internet Crimes Against Children Task Force member, stopped the review and turned the

1

phone over to law enforcement in Wilkes County. An agent with the North Carolina State Bureau of Investigation applied for a search warrant for the phone. It was executed on August 29, 2019.

The special agent reviewed the data/contents and located two videos that depicted a minor male, Minor Victim 1, lying on a couch and masturbating. The videos were created on June 19, 2018 with an iPhone 7 Plus. These videos had been saved to another application in the phone, and then deleted at some point. There were also multiple still images of Minor Victim 1 masturbating, or of his penis. These videos and images were created in Defendant's residence. The victim was unaware that he was being recorded, or that the visual depictions were produced.

In addition to the visual depictions of Minor Victim 1, there were also visual depictions of a second minor male, Minor Victim 2, engaging in sexually explicit conduct on Defendant's iPhone. There were two copies of the same video, stored in two separate places on the iPhone. Each video depicted Minor Victim 2 masturbating while standing in the woods. The video was captured in slow motion. There were also three still images of the minor masturbating in the woods. All these visual depictions had been created on August 4, 2019 with an iPhone 7 Plus. Minor Victim 2 was interviewed. He said that he was hiking with Defendant when Defendant asked him if he needed to use the restroom. Minor Victim 2 did. When he was finished, Defendant came over to Minor Victim 2 and began to play with the minor's penis. Defendant then sucked Minor Victim 2's penis. Defendant placed Minor Victim 2's hand on Minor Victim 2's penis and told him to stroke it. Minor Victim 2 noticed that Defendant had his phone at the time, and that Defendant had recorded it .

On September 16, 2020, the grand jury for the Western District of North Carolina returned a Bill of Indictment, charging Defendant with three violations. Count One charges Defendant with sexual exploitation of a minor, specifically, Minor Victim 1, in violation of 18

2

Case 5:20-cr-00088-KDB-DSC   Document 24   Filed 04/05/21   Page 2 of 18

U.S.C. § 2251. Count Two charges Defendant with sexual exploitation of a minor, specifically, Minor Victim 2, in violation of 18 U.S.C. § 2251. Count Three charges Defendant with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

## II. OTHER CONDUCT

### A. Evidence located on Defendant's iPhone

In addition to visual depictions of Minor Victim 1 and Minor Victim 2 described above, the forensic examiner located other evidence pertinent to the investigation during his review of Defendant's iPhone. Defendant's phone also contained other images and videos of Minor Victim 1. There were videos created on September 22, 2018. There is a short video showing Defendant and Minor Victim 1. There is also a video of the victim in a hammock in the woods. Most of his body is hidden from view, but he is masturbating. He was also unaware that he was being recorded. Other still shots show the victim, nude, walking away in the woods. According to Minor Victim 1, he would go hiking and camping with Defendant, along with some other people. There also is another image, taken at another time, that shows Minor Victim 1 lying on his side. The picture depicts him from his stomach to his mid-thigh area. He is only wearing underwear. Again, he did not know that the picture was taken.

The iPhone also contains other relevant information including web history showing searches for "nambla"[1], "selfies boy masterbating," and "selfies boy oh boy."

### B. Other Uncharged Conduct related to Minor Victim 1

According to Minor Victim 1, he saw Defendant on a regular basis from the time he was about 14 or 15 years old. One of the first times he remembered Defendant behaving inappropriate, Minor Victim 1 and Defendant were in a truck together. Defendant put his hand on Minor Victim

---

[1] NAMBLA is short for an organization called the North American Man/Boy Love Association.

3

Case 5:20-cr-00088-KDB-DSC   Document 24   Filed 04/05/21   Page 3 of 18

1's inner thigh, near his crotch. Minor Victim 1 told him to stop and Defendant did. At some point, Defendant start providing alcohol to Minor Victim 1, including beer and liquor and on one occasion, he offered Minor Victim 1 marijuana.

Defendant would repeatedly try to engage Minor Victim 1 in conversations about masturbation. He would also show Minor Victim 1 pornography. Defendant tried to get Minor Victim 1 to masturbate in front of him. Defendant would claim he see Minor Victim 1 masturbating and make comments about it. Minor Victim 1 remembers Defendant trying to look at him in the shower as well.

### C. Uncharged Conduct related to Minor Victim 2

In addition to the videos located on the iPhone, Minor Victim 2 has disclosed several other disturbing incidents with Defendant. In one incident, Minor Victim 2 was sleeping over at Defendant's home. He woke up to Defendant pulling Minor Victim 2's pants down and playing with his genitals. Defendant also put Minor Victim 2's hand into Defendant's pants and made the minor touch Defendant's penis. This occurred approximately in 2017.

On another occasion, Defendant and Minor Victim 2 were outside together at his home. Defendant told Minor Victim 2 to pull his pants down, but Minor Victim 2 said he did not like that. Defendant indicated that he did not care and then touched Minor Victim 2's penis with his hand, then put his penis in Defendant's mouth. A similar incident happened another time as well. These assaults occurred in 2019.

### D. Other Victims[2]

Multiple other males have come forward to say that Defendant committed similar acts with them when they were minors. In fact, the state investigation into the other victims led to

---

[2] Written reports and recordings of interviews with these victims have been provided to counsel for Defendant.

Defendant's arrest, which caused Wells Fargo to collect his phone and the eventual discovery of the pornographic depictions of Minor Victim 1 and Minor Victim 2.

Initially, three minor males, Minor Victim 3, Minor Victim 4, and Minor Victim 5 came forward to law enforcement. Minor Victim 3 told law enforcement that he was at Defendant's home when he was 15 years old. Defendant began massaging him and then played a game of "chicken" where Defendant moved his hands up Minor Victim 3's leg, asking if he was chicken. Defendant put his hand under the shorts and underwear of Minor Victim 3 and held the minor's penis for approximately two minutes. Unfortunately, this was not the only time Defendant touched Minor Victim 3. Defendant touched Minor Victim 3's penis on other occasions, both under and over the victim's shorts. Sometimes they were in Defendant house and sometimes they were in his car. These incidents occurred in 2017 and 2018.

Minor Victim 4 disclosed a similar incident. He told law enforcement that he was in a truck with Defendant and Defendant's daughter. The daughter was asleep in the back seat. Defendant put his hand on Minor Victim 4's leg. Minor Victim 4 pushed Defendant's hand away but Defendant put his hand back on Minor Victim 4's leg. He put his hand on the minor's upper thigh, and then Minor Victim 4's penis "real fast." Minor Victim 4 stated that on another occasion, Defendant was supposed to stretch/pop Minor Victim 4's back by standing behind him, wrapping his arms around Minor Victim 4's chest and lifting him. Instead of wrapping his arms around Minor Victim 4's chest, Defendant stuck his hands down Minor Victim 4's pants and touched his penis. These incidents occurred in 2018-2019.

Minor Victim 5 also reported illegal contact by Defendant. Minor Victim 5 disclosed that Defendant tried to touch Minor Victim 5's penis when Minor Victim 5 was at Defendant's home, and did touch his penis over his clothes on multiple occasions. Minor Victim 5 also reported

5

seeing Defendant try to touch another minor male's crotch. Furthermore, he told law enforcement that Defendant exposed his penis to Minor Victim 5 and his friend while they were at Defendant's home.

Defendant was arrested by state authorities for offenses involving Minor Victims 3, 4, and 5. The local media reported the arrests, which prompted another victim to come forward. Another concerned citizen also reported another potential victim to law enforcement. Additional interviews were conducted.

Minor Victim 6 told law enforcement that Defendant began sexually abusing him when Minor Victim 6 was between the ages of four and seven and it continued for several years. According to Minor Victim 6, the molestation would occur in Defendant's living room and while camping outdoors. Defendant and Minor Victim 6 were in the living room of Defendant's home and Defendant wanted to "teach" the minor about masturbation. Defendant touched Minor Victim 6's penis and had Minor Victim 6 touch his own penis. Minor Victim 6 stated that Defendant made him perform oral sex on Defendant and that Defendant performed oral sex on him. While camping, Defendant put Minor Victim 6's hand on Defendant's penis.

Minor Victim 7 was a friend of Minor Victim 6. He went on a camping trip with Defendant and Minor Victim 6 in November 2017. They had all slept in the same tent. During the night, Minor Victim 7 woke up with Defendant on top of him. Defendant was trying to get his hand into Minor Victim 7's pants to touch his penis. Minor Victim 7 was able to grab Defendant's hand while using his other hand to cover his penis. He said Defendant continued to use his other hand to try to get into Minor Victim 7's pants. Defendant stated that he wanted to perform oral sex on Minor Victim 7. Minor Victim 7 was able to stop Defendant, who then left the tent.

Minor Victim 8 learned about Defendant's arrest and contacted law enforcement. He told

6

Case 5:20-cr-00088-KDB-DSC   Document 24   Filed 04/05/21   Page 6 of 18

law enforcement that he was in a Boy Scout troop that Defendant was involved with back in late 2008-2010. On multiple occasions, Defendant put his hand in Minor Victim 8's pants and felt the minor's genitals. Many of these assaults occurred in Defendant's home but one occurred on an overnight trip to a museum. Defendant also tried to perform oral sex on Minor Victim 8 while Minor Victim 8 was at Defendant's home.

## **ARGUMENT**

### I. SOME OF THE EVIDENCE IS ADMISSIBLE BECAUSE IT IS INTRINSIC TO THE CHARGED CRIMES.

The government submits that all of the evidence referenced in this document involving Minor Victim 1 and Minor Victim 2, and the evidence located on his iPhone is proof of Defendant's involvement in the charged conduct, provides background and context to the crimes charged in the indictment, and will serve to complete the story for the jury. The Fourth Circuit has held that "acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, of if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." *United States v. Siegal*, 536 F.3d 306, 316 (4th Cir. 2008)(quoting *United States v. Kennedy,* 32 F.3d 876, 885 (4th Cir. 1994)). In a situation where evidence is presented that arose out of the same series of transactions as the charged offense or that are necessary to complete story of the charged crime, a Rule 404(b) analysis is not necessary but such evidence is still subject to a Federal Rule of Evidence 403 balancing test. *See United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996).

Evidence relevant to Defendant's relationship with the victims and his prurient interest in

minor males, including evidence of his cultivation of a relationship with the victims between 2016 and August 2019, to include all videos and photographs that the defendant took or possessed of the victims, is *res gestae* evidence. The evidence involves the same victims and is part of the same course of conduct that led to the production of the child pornography. Many of the acts took place in the same locations as the charged offenses. Finally, with regard to the uncharged images and videos and other iPhone evidence, they were located on the same iPhone along with the charged images and videos.

The aforementioned evidence demonstrates Defendant's involvement in the charged conduct, provides background and context to the crimes charged in the Indictment, forms an integral and natural part of the account of the offenses, and completes the narrative of the crime. The nature of Defendant's relationship with the victim and his cultivation of the relationship are inextricably intertwined. Introduction of this evidence is necessary to provide the jury with a complete and truthful account of the crimes on trial. Insofar as such evidence is inextricably intertwined with the crimes charged, it is direct evidence of the charged crime and does not implicate Rule 404(b).

### II. EVIDENCE OF DEFENDANT'S PRODUCTION AND POSSESSION OF CHILD PORNOGRAPHY, AND HIS OTHER ACTS WITH MINOR VICTIM 2, MINOR VICTIM 4, AND MINOR VICTIM 6 ARE ADMISSIBLE UNDER FED. R. EVID. 414.

Rule 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Pursuant to Rule 414(d)(2)(C) & (D), "child molestation" includes a crime under state law involving contact between any part of the defendant's body and a child's genitals and anus, or contact between any part of a child's body and the defendant's genitals or anus. A child for these

sections must be under the age of 14. Fed. R. Evid. 414(d)(1). It also includes "any conduct prohibited by 18 U.S.C. chapter 110." Fed. R. Evid. 414(d)(2)(B).

Evidence is admissible under Federal Rule of Evidence 414 if (1) the defendant is accused of an offense of child molestation; (2) the evidence proffered pertains to the defendant's commission of another act of child molestation; and (3) the evidence is relevant. *United States v. Stamper*, 106 Fed. Appx. 833, 835 (4th Cir. 2004). In addition, the probative value of the evidence must not be substantially outweighed by the risk of undue prejudice, confusion, or undue delay. *Id.* Unlike Fed. R. Evid. 404(b), Rule 414 allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007).

### A. The Defendant is Accused of An Offense of Child Molestation

As stated above, child molestation includes any conduct prohibited by 18 U.S.C. Chapter 110. Fed. R. Evid. 414(d)(2)(B). In this case, Defendant is charged with two counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251 and knowingly possessing, or accessing with intent to view, child pornography under 18 U.S.C. § 2252A. Both crimes are contained in Chapter 110 of Title 18 of the U.S. Code. *See* 18 U.S.C. §§ 2251 and 2252A. Thus, the Defendant is accused of an offense of child molestation.

### B. Evidence of Defendant's Other Acts Pertains to the Defendant's Commission of Another Child Molestation

All the visual depictions of a minor engaged in sexually explicit conduct located on Defendant's iPhone are charged in the Bill of Indictment, and therefore, admissible. However, the government also intends to offer these images and videos pursuant to Fed. R. Crim. Evid. 414. As explained above, they clearly are acts of "child molestation" because it is conduct prohibited by chapter 110 of Title 18.

9

The government also intends to introduce testimony about Defendant engaging in acts of child molestation with Minor Victim 2[3], Minor Victim 4, and Minor Victim 6, as described above. This contact occurred when the victims were under the age 14 and involved the type of contact listed in Rule 414. Thus, this evidence of Defendant's other acts also pertains to his commission of another child molestation under Fed. R. Evid. 414.

### C. Evidence of Defendant's Production and Possession of Child Pornography and Sexual Contact of Minors is Relevant

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Rule 414 reflects Congress's view that propensity evidence of other sexual offenses is usually relevant and probative. *Kelly*, 510 F.3d at 437. Here, Defendant's other acts make it more probable that he not only has a sexual interest in children, specifically, minor males, but also has a propensity to produce and possess child pornography of minor males masturbating, and, thus, knowingly did so in the instant case. *See, Kelly*, 510 F.3d at 437-38 (upholding admission of prior conviction for attempted rape of a twelve-year-old child in prosecution for traveling in interstate commerce to engage in illicit sexual conduct with a twelve-year-old as probative of defendant's propensity to molest young children). The Eleventh Circuit has similarly stated that "in prosecutions for possessing or receiving child pornography evidence that a defendant has engaged in child molestation in the past is admissible as evidence that he is more likely to have committed the offense charged." *United States v. Carino*, 368 Fed.Appx. 929, 929-930 (11th Cir. Mar. 11, 2010).

The evidence is also relevant in that it goes to Defendant's knowledge and intent as

---

[3] The government believes that the evidence of crimes involving Minor Victim 2 is intrinsic to the production of the sexually explicit videos of Minor Victim 2, as noted above. However, it is also admissible under Fed. R. Evid. 414.

10

further described below.

### D. The Probative Value of the Evidence is Not Substantially Outweighed by Any Prejudice, Confusion, or Undue Delay

Evidence admitted under Rule 414 is subject to Rule 403's balancing test. *Kelly*, 510 F.3d at 437. Thus, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice to the defendant. *Id.* In applying the Rule 403 balancing test to prior offenses under Rule 414, the court should consider factors including but not limited to: (1) the similarity between the previous offense and the charged crime, (2) the temporal proximity between the two crimes, (3) the frequency of the prior acts, (4) the presence or absence of any intervening acts, and (5) the reliability of the evidence of the past offense. *Id.* at 437-38.

The other acts of child molestation and the charged crime in this case are very similar. Some of the acts involve the sexual exploitation of children and are even violations of the exact same federal statutes. The images and videos were taken a little over a year apart. Furthermore, the images and videos were stored together on the same iPhone. The other evidence, involving the sexual contact with Minor Victim 2, Minor Victim 4, and Minor Victim 6 is similar in that it involved young minor males, frequent conversations about masturbation, occurred in the home and/or in the woods, and to victims close to Defendant.

These acts are much more similar to each other than those that were upheld as admissible in *United States v Mason.* 532 F. App'x 432 (4th Cir. 2013) cert. denied, 134 S. Ct. 659, 187 L. Ed. 2d 436 (U.S. 2013)(unpublished). In *Mason*, the defendant was charged with transportation, receipt, and possession of child pornography. The Fourth Circuit upheld the admission of evidence showing that the defendant had repeatedly sexually molested two boys age 9 and 11 under Rules 414 and 403. *Id.* The Fourth Circuit stated that these acts were similar in that they both involved the exploitation of children. *Id.*

11

In *Kelly*, the court found that the similarity between the prior conviction and the charged offense was striking where the prior conviction was for attempted rape of a twelve-year-old child and the charged offense was for traveling in interstate commerce to engage in illicit sexual conduct with a twelve-year-old. 510 F.3d at 437. Like the evidence in *Kelly,* the evidence that the government plans to introduce almost parallels the charged offenses in the type of victim he selected and the sexual contact he caused.

Next, the temporal proximity between the two crimes, the frequency of the prior acts and the presence of intervening acts also support the admission of the evidence. In this case, the other acts with Minor Victim 2 occurred contemporaneously or shortly before the charged offenses. The acts with Minor Victim 4 and Minor Victim 6 are a little older. The Fourth Circuit has upheld the admission of much older evidence. *See, Kelly, Id.* (noting that the fact that the prior conviction was twenty-two years prior to the crimes charged did not alone render the conviction inadmissible given the similarity in the offenses); *United States v. Mason,* 532 F. App'x 432 (4th Cir. 2013)(unpublished*)* (upholding the admission of prior child molestation acts that occurred 12 years prior to the instant offense); *United States v. Rice,* 347 Fed. Appx. 904 (2009)(unpublished) (affirming the admission of child molestation activity that occurred between ten and eighteen years prior to the instant offense). There are no intervening events. These factors, coupled with the similarity between the acts, clearly support the admission of the evidence.

Finally, the evidence that the government seeks to admit is very reliable. First, the images and videos depict the victims who will be testifying and subject to cross-examination. The actual images and videos were recovered from Defendant's iPhone. A forensic copy of the iPhone (and the images and videos) has been made available to counsel for Defendant prior to

12

the trial. Each of the witnesses were interviewed. Their recorded interviews have been provided to Defendant.

Propensity evidence "has indisputable probative value." *United States v. Guardia*, 135 F.3d 1326, 1131 (10th Cir. 1998). Any prejudice in admitting evidence of Defendant's other acts is due to its high probative value. But that does not mean it is unfairly prejudicial. *See Kelly*, 510 F.3d at 438 (holding that admission of a prior conviction for attempted rape of a twelve-year-old child in prosecution for traveling in interstate commerce to engage in illicit sexual conduct with a twelve-year-old was not unfairly prejudicial merely because it tended to prove defendant's propensity to molest young children); *Rice*, 347 Fed. Appx 904 (4th Cir. 2009)(unpublished)(Evidence that tends to prove that the defendant has a deviant sexual attraction towards children is not unfairly prejudicial.) Therefore, the probative value of the evidence described above is not substantially outweighed by any unfair prejudice or confusion.

## II. EVIDENCE OF DEFENDANT'S OTHER ACTS ARE ADMISSIBLE UNDER RULE 404(b) TO PROVE MOTIVE, OPPORTUNITY, INTENT, PREPARATION, PLAN, KNOWLEDGE, IDENTITY AND ABSENCE OF MISTAKE OR ACCIDENT

Given that Rule 414 essentially "supersedes" Rule 404(b)'s treatment of other acts, a Rule 404(b) analysis is probably unnecessary in this case with regards to the other child pornography and child molestation involving Minor Victim 2, Minor Victim 4, and Minor Victim 6. *See United States v. Stamper*, 106 Fed.Appx. 833, 835 (4th Cir. 2004)(unpublished). However, as Federal Rule of Evidence 404(b) allows the admission of evidence of crimes, wrongs, or other acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, it offers a valid alternative basis for the admission of the other acts evidence. Additionally, the government seeks to admit other acts of Defendant involving the other minor males described above.

13

The evidence described above that the government seeks to admit is admissible under Rule 404(b). Evidence of prior acts is admissible under Rule 404(b) if (1) the evidence is relevant to an issue and not offered to establish the general character of the defendant, (2) the prior act is necessary in that it is probative of an essential claim or an element of the offense, (3) the evidence is reliable, and (4) the probative value of the evidence is not substantially outweighed by confusion or unfair prejudice. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). "Rule 404(b) is viewed as an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Siegel*, 536 F.3d 306, 317 (4th Cir.2008).

### A. Evidence of Defendant's Prior Acts is Relevant to Show Intent, Plan, Knowledge, Identity, Motive, and Absence of Mistake or Accident

Under the first prong for Rule 404(b) evidence admissibility, the evidence must be relevant to an issue such as an element of the offense. *Queen*, 132 F.3d at 997. Evidence is relevant if it has any tendency to make a fact of consequence to an issue in the case more or less probable than without the evidence. *Id.* at 994. The more similar the prior act is to the act currently charged, the more relevant the evidence of the prior act will be. *Id.* at 997.

Defendant's conduct of production and possession of child pornography, production and possession of erotic, nude and/or surreptitiously recorded images and videos of Minor Victim 1, web history, and other interactions with minor males as describe above is relevant to the issues of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *United States v. Whorley*, 550 F.3d 326, 338 (4th Cir. 2008) (holding that evidence of defendant's prior conviction for receiving child pornography and terms of his probation was properly admitted to prove the defendant's knowledge and lack of accident or mistake in downloading child pornography and sending or receiving obscene emails). Defendant is

14

currently charged with knowingly exploiting a minor for the purpose of producing a visual depiction, and possessing child pornography. As described above, the evidence the government seeks to introduce is very similar to the current charged acts. All the victims are young, minor males. The contact involved masturbation, contact with the minors' genitals, and often occurred in Defendant's home or on trips. Many of them occurred during the time period charged in the Indictment or shortly before.

Evidence of Defendant's prior acts is relevant to show his intent and motive in filming the victims. Evidence of the prior acts shows that the Defendant has a sexual interest in children, and specifically, the genitals of minor males, which makes it more probable that he intended to create the videos, and did knowingly possess and produce pornographic depictions of the victims. *United States v. Sebolt*, 460 F.3d 910, 916-17 (7th Cir. 2006) (holding prior instances of sexual misconduct with a child victim may establish defendant's sexual interest in children which is relevant motive in a prosecution for child exploitation). Such a person is more likely to create and knowingly possess child pornography rather than to create or possess it by accident. Thus, the evidence is sufficiently similar in nature to the charged offense.

This evidence also negates mistake or accident. Counsel for Defendant has suggested to the government that Defendant did not employ, use, persuade, induce, entice, or coerce the minor victim to engage in sexually explicit conduct *for the purpose* of creating a visual depiction. The government's evidence is necessary to show Defendant intent and purpose in making the visual depictions and that the visual depictions were not created by accident or mistake.

Therefore, evidence of Defendant's prior acts is relevant to an issue other than the Defendant's character because it makes Defendant's motive, opportunity, intent, preparation,

15

plan, knowledge, identity, and absence of mistake or accident in creating and possessing child pornography more probable.

### B. Evidence of Defendant's Prior Act is Necessary Because it is Probative of An Element of the Crime

Evidence is necessary where, considered in light of other evidence available to the government, it is an essential part of the crime on trial or where it furnishes part of the context of the crime. *Queen*, 132 F.3d at 998. The Government has the burden of proving that the Defendant knowingly used a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, and knowingly possessed the child pornography and that the offense was not the result of mistake or accident. Thus, evidence of the Defendant's prior acts is probative of an essential element of the charged crime. *See Whorley*, 550 F.3d at 338 (upholding admission of prior conviction for receipt of child pornography and terms of probation under Rule 404(b) in prosecution for knowing receipt of child pornography because it showed lack of accident or mistake).

### C. The Evidence of Defendant's Prior Act is Reliable

If the evidence is "sufficient to allow the jury to 'reasonably conclude that the act occurred and that the defendant was the actor, then it is reliable'." *United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998)(citations omitted). Evidence is reliable for purposes of Rule 404(b) unless it is so outrageous that it could not be believed by a rational juror that was properly instructed. *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008). Here, as described above, the evidence is reliable. The victims and computer forensic examiner will be subject to cross examination. The interviews of the victims have been provided to defense counsel. The victims' stories are similar and corroborate each other. All the images and videos and other forensic evidence were located on Defendant's iPhone. Thus, a jury could reasonably conclude that the

16

act occurred and that the evidence depicts either the victim and/or Defendant. Therefore, evidence of defendant's other acts is sufficiently reliable.

### D. The Probative Value of the Evidence is Not Substantially Outweighed by Any Confusion or Unfair Prejudice

The probative value of the evidence of the prior act must not be substantially outweighed by confusion or unfair prejudice in that it tends to make reason secondary to emotion in the fact-finding process. *Queen*, 132 F.3d at 997. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Naranjo,* 710 F.2d 1465, 1469 (10th Cir. 1983). In the instant case, evidence of Defendant's prior acts involving minor male victims is highly probative to show that he knowingly committed the charged crimes, what his intent was, and that it was not a mistake or accident. There is no suggestion that the evidence of Defendant's prior acts would invoke emotion in the place of reason or that it would tend to cause confusion with respect to the currently charged offenses.

In this case, the jury will be required to view images and videos of two minors engaging in sexually explicit conduct, and will have to hear testimony about the visual depictions for the government to prove its case, even without the other acts evidence. So, the jury will have to see and hear evidence about the sexual exploitation of minors regardless. Thus, in this context, the admission of the other acts evidence will not materially alter the level of prejudice but will be of significant probative value as described above.

Moreover, any possible confusion or prejudice can be eliminated by a limiting jury instruction, if requested, explaining the purpose for admitting the evidence of the prior act. *See Queen*, 132 F.3d at 997 (noting that additional protection against the pitfalls Rule 404(b) protects against may be provided by a limiting jury instruction when requested explaining the purpose of

the evidence and advance notice of the intent to introduce such evidence).  Thus, the probative value of the evidence is not substantially outweighed by any confusion or unfair prejudice.

## **CONCLUSION**

Proving Defendant's propensities, state of mind, knowledge, intent, motive, lack of mistake or accident, and identity in committing the crimes charged are critical to the quest for truth in this case.  Accordingly, the United States files notice in advance of trial of the general nature of evidence the United States will offer of other acts, pursuant to Rule 414 and Rule 404(b) of the Federal Rules of Evidence.  The government respectfully submits the Court should, in the sound exercise of its discretion, admit this evidence, for which there is a presumption of admissibility.

**RESPECTFULLY SUBMITTED**, this the 5th day of April, 2021.

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

s/ Stephanie L. Spaugh
Special Assistant United States Attorney
NC Bar Number: 47877
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Stephanie.spaugh@usdoj.gov

s/ Cortney S. Randall
Assistant United States Attorney
NC Bar Number:  31510
Attorney for the United States
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.344.6222
Fax:  704.344.6629
cortney.randall@usdoj.gov