UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:20CR88-KDB |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SCOTT HOOVER | ) | |
| | ) | |

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

Pursuant to the Federal Rules of Criminal Procedure, the United States of America, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, hereby submits to the Court for its consideration the following questions for the *voir dire* of the prospective jurors:

I. PARTIES AND WITNESSES

    1.    [Court will at this time introduce the defendant, counsel, and case agent; or direct respective counsel to do so.]

    2.    Do any of you know the defendant?

    3.    Do any of you know the attorney for the defendant? Has he or one of his firm associates acted as an attorney for you, a member of your family, or close friend?

    4.    Do any of you know the attorney for the United States of America or anyone in the U.S. Attorney's Office?

    5.    I will read [or have the attorney read] the names of person who may appear as witnesses. Please advise me, after their names have been read, whether you know them or have any acquaintance with them. [Counsel or Court read witness lists.]

II. PUBLICITY

    A.    Introductory Remarks to Request Judge to Make

This case may have been the subject of stories and coverage in newspapers, on television

or on the radio. Some of you may have read or heard about this case or about the defendant. I am going to question you individually out of the presence of other prospective jurors about what, if anything, you have read or heard about <u>this</u> case, and I will then question each of you further in order to decide if you can be qualified to serve on this jury despite what you have heard or read. But first I will make some comments so you can understand that simply because you may have read or heard about this case does not mean that you cannot serve on this jury.

Neither I nor the United States nor the defendant is entitled to a jury composed of 12 citizens who have never heard of anything connected with this case. Instead, we want a jury where each juror is able to put aside anything he or she may have read or heard and any opinion he or she may have formed based thereon, and decide this defendant's guilt or innocence based solely on the evidence you hear in court, and in accordance with the instructions that I give you. I want to be sure that you can decide this case based solely on what you hear in this courtroom.

I will ask a general question, which may be followed by individual questions, to determine which of you can put aside any impression or opinion you may have formed from what you may have heard or read, in the event you have heard or read anything about this case, and can listen to the evidence with an open mind, in order to insure that we select an impartial jury. I, therefore, ask you to consider very carefully and seriously the questions I will ask each of you individually, in the event I need to do so, in order that we can select a jury without any bias to the United States or the defendant.

Without commenting, and by just raising your hand, have any of you learned anything, either recently or in the past, about this case from the news media?

B. Questions to Each Prospective Juror in Private

(For those who raised their hands)

1. Have you seen or heard anything about this case or the defendant on television? (Specify if yes.)

2. Have you heard anything about this case or the defendant over the radio? (Specify if yes.)

3. Have you read anything about this case or the defendant in newspapers, books, or magazines? (Specify if yes.)

4. Have you discussed this case or the defendant with anyone or has anyone discussed the case or the defendant in your presence? (Specify if yes.)

5. When is the last time that you heard or read anything about this case?

6. Do you have any personal knowledge of the facts of this case separate from any information you may have heard or read from television, radio, newspapers, books, and magazines?

7. From what you have read or heard about this case from any source, have you formed or expressed any opinion as to the guilt or innocence of the defendant?

8. Do you believe that you can put aside this opinion and decide the case based on the evidence you hear in court, and in accordance with my instructions?

III. GENERAL QUESTIONS TO PANEL

1. Have any of you ever served on a jury before?

(a) Federal Court:
(1) Civil

           (2)  Criminal

    (b)    State Court:
           (1)  Civil
           (2)  Criminal

2. Without stating the result, were you able to reach a verdict in the case?

3. Has anything ever happened to you while serving as a juror prior to this case that would make it difficult for you now to serve as a fair and impartial juror?

4. Have any of you ever appeared before a Grand Jury yourself personally as a witness and given testimony? Have any of you ever served as a member of a Grand Jury? If so, how many times?

5. Have any of you ever appeared in Court yourself personally either as a witness in a case or as a party?

6. Have any of you ever had any claim or lawsuit or any other type of litigation against or with the United States or one of its agencies? I am speaking now of a lawsuit or some type of administrative proceeding. The agency could be the Internal Revenue Service, the Civil Service Commission, the Federal Housing Administration, the Social Security Administration, and so forth. If so, please explain.

7. Have you, your family members, or close friends had any experience with a government agency that would cause you to be biased for or against the government? In particular, this case was investigated, in part, by the Wilkes County Sheriff's Office, the North Carolina State Bureau of Investigation, and Homeland Security Investigations, and you may hear

testimony from members of those agencies. Have you had any contact with or formed any opinions about these law enforcement agencies which would affect your ability to be an impartial juror in this case?

8. Have any of you, your relatives or a close friend ever been the victim of a crime? How long ago? What was the nature of the offense? Who investigated it? Were you/they treated fairly?

9. Do you have any negative feelings towards law enforcement or the United States government?

10. Have any of you, a family member, or close friend ever been accused, arrested, or charged with a criminal offense? If so, do you feel you/the person were treated fairly? What is the relationship of that person to you? How long ago? What was the charge? Who investigated it?

11. Have any of you ever been questioned by a Federal or State law enforcement officer? If so, please explain. Do you feel you were treated fairly? If you have had any negative experience with a law enforcement officer, would that experience prevent you from deciding this case based on the evidence presented?

12. This is, of course, a criminal case wherein the law sets forth certain punishments to be applied in the sole discretion of the Judge, within bounds as set forth by Congress. Are there any of you who, for religious, moral, ethical, or philosophical reasons, would simply rather not be called upon to decide the guilt or innocence of the accused?

13. The Court will give you instructions on the law at the

conclusion of all the evidence and the arguments of counsel as the law applies to the facts of this case. Will you abide by these instructions on the law and apply the law to the facts?

14. If one or more of the instructions on the law given to you by the Court are in conflict with your own personal beliefs, or if you disagree with any one of the Judge's instructions, will you still abide by the Court's instructions on the law and put your own personal beliefs aside?

15. If the United States proves the defendant guilty beyond a reasonable doubt, would any of you hesitate to return a verdict of guilty as charged? On the other hand, should the United States fail to prove the defendant guilty beyond a reasonable doubt, would any of you hesitate to return a verdict of not guilty?

16. Do you believe you can render a fair and impartial verdict free from any prejudice or bias for or against the United States or the defendant?

IV. <u>ADDITIONAL QUESTIONS TO PANEL</u>

1. Have you or any of your relatives or close friends ever had any experience with a person who has engaged in criminal sexual activity with or involving a child which might in any way affect your judgment in this case?

2. Do any of you belong to any group which encourages, advocates, or condones sexual relations between adults and children who are less than 18 years of age?

3. Do any of you subscribe to any publication that encourages, endorses, or recommends sexual relations between adults and children who are less than 18 years of age?

4. There are laws that make it a crime in the United States to use

a minor to produce child pornography. A minor, for these purposes, is defined as anyone under the age of 18. Is there anything about that law or definition that you find offensive or troubling in any way?

5. Do any of you object to the fact that the production or possession of child pornography (depicting children less than 18 years of age) is a crime? Does anyone think it should be protected by the First Amendment of the United States Constitution?

6. The following question I am going to ask you will require a yes or no answer. If there is a yes answer, I will note that and will, if you wish, question you individually, outside the presence of the other jurors. Have you, a member of your family or a close friend, been a victim of any form of sexual abuse, sexual contact, sexual assault, or sexual exploitation, whether as a child or an adult?

7. It is anticipated that the evidence in this case may consist of graphic descriptions of and discussions about sexually explicit conduct involving minor children, including images and videos depicting such conduct. Understanding that there is a difference between feeling unpleasant and uncomfortable and feeling so overwhelmed that you cannot be fair and impartial, would being exposed to such material affect your ability to follow the Court's instructions and render a fair and impartial verdict?

8. How many of the jury panel members do NOT have a computer that you use regularly at home or work?

9. Of those of you that use a computer at home or work, how many of you do NOT have access to the internet?

10. How many of you have NOT conducted a search for

information or a product on the internet?

11. How many of you do NOT have a cellular telephone? For those that have a cellular telephone, how many of you do NOT have a smart phone?

12. How many of you have NOT taken pictures or videos with a smart phone?

13. Do any of you consider yourselves to be computer experts?

— (For those persons answering "yes") In what ways do you consider yourself an expert?

— Do you write or have you written code for computers, engage in computer programming, or built or repaired any type of computer hardware?

14. Do any of you have a background in computer programming, computer science, systems administration, or forensic computer examination?

15. Even though you may not have a background in computer science, systems administration, or forensic computer examination, how many of you have had some sort of formal computer training?

— What kind of formal training?

**RESPECTFULLY SUBMITTED**, this the 12th day of April, 2021.

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

s/ Stephanie L. Spaugh
Special Assistant United States Attorney
NC Bar Number: 47877
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Stephanie.spaugh@usdoj.gov

s/ Cortney S. Randall
Assistant United States Attorney
NC Bar Number: 31510
Attorney for the United States
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.344.6222
Fax: 704.344.6629
cortney.randall@usdoj.gov