UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:20CR88-KDB |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SCOTT HOOVER | ) | |
| | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
CERTAIN EVIDENCE AND ARGUMENT**

Now comes the United States of America, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, and respectfully submits this Motion *in Limine* to Exclude Certain Evidence and Argument. The government seeks to exclude from the jury's consideration certain material that is improper or irrelevant to the guilt or innocence of the accused, and could only serve to either mislead the jury or invite it to decide the case on an improper basis.

I. SUMMARY OF ARGUMENT

The government makes this motion *in limine* in order to narrow the issues for trial, to exclude irrelevant, extraneous, or unduly prejudicial arguments or evidence, and to expedite this Court's determination of the legal disputes likely to arise during trial. "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). Likewise, a defendant's proposed evidence should be excluded when it "would confuse the jury and misdirect the jury's focus from the issues properly before it." *United States v. Wellons*, 32 F.3d 117, 120 n.3 (4th Cir. 1994), *abrogated on other grounds by Byrd v. United States,* 138 S.Ct. 1518. In the interest of judicial economy, and to facilitate this Court's resolution of legal and evidentiary

1

disputes likely to arise at trial, the government respectfully submits that the instant motion should be granted in its entirety.

First, Defendant should be precluding from introducing any evidence about any alleged age of consent contrary to U.S. law or that the minor consented to engaging in sexually explicit conduct or the production of any visual depictions of that sexually explicit conduct because consent is not an element of the offenses charged, is not a legally viable defense, and is therefore irrelevant.

Second, evidence relating to a victim's past sexual history, behavior, and predisposition should be barred for the following reasons:

(1) evidence of sexual behavior by a victim is explicitly banned by Rule 412(a)(1);

(2) evidence of sexual behavior by a victim is irrelevant under Rule 401 because it does not have a tendency to make whether or not the victim, while a minor, was employed, used, persuaded, induced, enticed or coerced to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, more or less likely;

(3) evidence of sexual behavior of a victim should be excluded under Rule 403 because it is highly inflammatory, with no offsetting probative value; and

Third, Defendant should not be allowed to present any argument or evidence about Defendant's alleged lack of knowledge of the victim's age with regards to Counts One and Two of the Superseding Bill of Indictment because his knowledge of the victim's age is not an element required for conviction, is not a legal defense, and therefore, is irrelevant.

Fourth, Defendant should be barred from seeking to introduce any self-serving, out-of-court hearsay statements he may have made because these statements are inadmissible hearsay.

Fifth, any argument or evidence of the potential punishment Defendant will face if convicted should be barred because this information is irrelevant and consideration of it by the jury would be improper.

Finally, Defendant should be precluded from offering argument or evidence regarding his personal background because it is not relevant.

> II. ANY EVIDENCE OF CONSENT SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 403 BECAUSE CONSENT IS NOT AN ELEMENT OF THE OFFENSE AND IS NOT A PROPER DEFENSE.

This Court should preclude Defendant, his counsel, and all defense witnesses from using testimony, remarks, tangible evidence, exhibits, questions, or arguments which relate, either directly or indirectly, to any alleged age of consent contrary to existing U.S. law. The appropriate age considerations for this case, based on the charged offenses in the Superseding Indictment, are identified by U.S. law. For charges brought under 18 U.S.C. § 2251 and 2252A, the relevant age of consent is eighteen. *See* 18 U.S.C. §§ 2251, 2256.

Mention of any foreign or non-applicable age of consent—such as the age of consent in North Carolina or elsewhere—is wholly irrelevant, would be a misstatement of the applicable law, would be contrary to the anticipated jury instructions, and would serve no function but to mislead the jury, confuse the issues, and waste this Court's time. As such, no reference to any alleged age of consent contrary to the ages established by Congress for the charged offenses should be made while the jury is present.

Furthermore, Defendant should be barred from introducing any evidence or testimony, or making any argument regarding any victim's consent at any point in the trial. The charged offenses, Production of Child Pornography and Possession of Child Pornography, in violation of Title 18, United States Code, §§ 2251(a) and 2252A(a)(5)(b), respectively, do not require any

3

proof that the victim did or did not consent to the conduct. Rule 401 defines relevancy as "evidence having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable . . ." Fed. R. Evid. 401. Insofar as consent is not an issue in the elements of the offense and is not a legally cognizable defense, evidence of consent should be excluded. Even if regarded as relevant, such evidence should be excluded under Federal Rule of Evidence 403 because it is highly inflammatory and would only serve to confuse the jury and divert the jury from the real issues in the case.

To admit evidence of consent would constitute a recognition that minors can consent to their own sexual exploitation by others. Just as a minor cannot consent to sexual intercourse, neither can he consent to producing child pornography with Defendant nor to Defendant possessing child pornography depicting the minor. The text of section 2251(a) of Title 18 shows that Congress did not intend for consent to be an element of the offense when a person under eighteen is caused to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. *See* 18 U.S.C. § 2252(a). Numerous courts have consistently excluded evidence, and any defense, regarding a minor victim's intent or consent in connection with sexual exploitation, finding that a minor's intent or consent is neither an element of nor defense to these offenses and is therefore not properly before the jury. *See United States v. Raplinger,* 555 F.3d 687, 692 (8th Cir. 2009)(Consent is not a defense to the crimes charged; therefore, it was not an abuse of discretion to exclude the consent evidence); *United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008) (consent of the minor in the production of child pornography in violation of 18 U.S.C. § 2251 was not a defense and evidence of consent was properly excluded as irrelevant); *United States v. Williams*, 529 F.3d 1, 6 (1st Cir. 2008) (even if a minor had consented to transportation for prostitution, consent would not have been legally valid).

4

Besides being improper and irrelevant, evidence of consent is inadmissible under Fed. R. Evid. 412 as explained below, because it is evidence of the victim's sexual predisposition. For all these reasons, this Court should bar any evidence relating to consent at any point in the trial.

    III.    **PAST SEXUAL HISTORY OF THE VICTIM IS INADMISSIBLE UNDER FEDERAL RULES OF EVIDENCE 412, 401, AND 403.**

        A.    <u>Rule 412(a) Bars Admission of Evidence Concerning the Victim's Sexual History or Past Behavior</u>.

Rule 412(a) provides that:

The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:

    (1) evidence offered to prove that a victim engaged in other sexual behavior; or

    (2) evidence offered to prove a victim's sexual predisposition.

Fed. R. Evid. 412(a). "Sexual behavior" includes "all activities that involve actual physical conduct, i.e., sexual intercourse and sexual contact" or that imply sexual intercourse or sexual contact, such as use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease. Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). It also includes activities of the mind, including fantasies and dreams. *Id.* The reference to "sexual predisposition" is "designed to exclude evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the fact finder,… such as…the alleged victim's mode of dress, speech, or lifestyle." *Id.*

Rule 412 seeks to protect the victim against the "invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process." *Id.* "By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to

5

institute and to participate in legal proceedings against alleged offenders." *Id.* Numerous courts have consistently upheld the exclusion of evidence regarding the victim's past sexual conduct and alleged sexual predisposition. *See, e.g., United States v. Torres*, 937 F.2d 1469, 1472-73 (9th Cir. 1991) (excluding evidence of sexual conduct of the victim that preceded and was subsequent to the charged conduct); *United States v. Dogskin*, 265 F.3d 682 (8th Cir. 2001) (evidence that witness saw victim in bed with man on morning after rape inadmissible under Rule 412); *United States v. Powell*, 226 F.3d 1181 (10th Cir. 2000) (excluding evidence of victim's past sexually suggestive and flirtatious behavior with other men); *United States v. Powers*, 59 F.3d 1460 (4th Cir. 1995) (evidence regarding victim's sexual relations with her boyfriend that occurred more than a year after the offense conduct was inadmissible); *United States v. Saunders*, 943 F.2d 388 (4th Cir. 1991) (excluding evidence of victim's sexual relationship with another person); *Doe v. United States,* 666 F.2d 43 (4th Cir.1981) (evidence of victim's alleged promiscuity barred by Rule 412). Clearly, no blanket constitutional right to confront a victim with past sexual history exists. Additionally, for the purposes of Rule 412, the term "past sexual behavior" includes all sexual behavior of the victim that precedes the date of trial, even if that behavior occurred after the alleged assault. *See United States v. Torres*, 937 F.2d 1469 (9th Cir. 1991).

Further, this Rule applies to all victims that may testify, not just victims of the Counts charged in the Superseding Indictment. The government has previously provided notice of its intent to call other witnesses to testify about sexual misconduct by Defendant pursuant to Fed. R. Evid. 404(b) and 414. *See, Government's Notice of Intent to Use Evidence*, Doc. No. 25. These witnesses are also victims within the meaning of Rule 412:

> The revised rule applies in all cases involving sexual misconduct without regard to whether the alleged victim or person accused is a party to the litigation. Rule 412 extends to "pattern" witnesses in both criminal and civil cases whose testimony about other instances of sexual misconduct by the person accused is otherwise admissible.

6

Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments; *see also United States v. Deuman,* 568 Fed. Appx. 414 (6th Cir. 2014) (Rule 414 applies to any witness who has been a victim, not just the victim of the case pending before the court).

The Rule allows admission of this type of evidence only with three very specific exceptions:

> (b) Exceptions.
>
> (1) Criminal Cases. The court may admit the following evidence in a criminal case:
>
> > (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
> >
> > (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
> >
> > (C) evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b). First, the subsection (b)(1)(A) exception is not applicable in this case, because the United States does not intend to admit evidence in its case-in-chief of any semen, injury, or other physical evidence from the defendant.

Subsection (b)(1)(B) only allows the Defendant to introduce evidence of specific instances of sexual behavior with Defendant to prove consent. This has no application to this case because consent is not an element of the offense and cannot be a theory of defense. *See* infra, Section II. If Defendant did any act violative of 18 U.S.C. § 2251(a), such as employing, persuading, inducing, enticing or coercing the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, he would be guilty without regard to the victim's

7

alleged consent. Rule 412(b)(1)(B) also permits only evidence of the defendant's past experiences with the victim to prove consent, so evidence of the victim's consent to engage in sexually explicit conduct with others is not admissible either.

The third and final exception, subsection (C), is not applicable in the instant case because the exclusion of evidence of a victim's prior sexual history does not violate the constitutional rights of the defendant. *United States v. Torres*, 937 F.2d 1469 at 1473 (holding that the confrontation clause was not violated by excluding evidence regarding past sexual behavior of a victim). In *United States v. Payne,* 944 F.2d 1458, 1469 (9th Cir.1991), the court held:

> We have found in the past that a trial court's limitation of cross-examination on an unrelated prior incident, where its purpose is to attack the general credibility of the witness, does not rise to the level of a constitutional violation of the defendant's confrontation rights.

Moreover, a defendant seeking to admit evidence under any of these exceptions is required to file a motion specifically describing the evidence and stating the purpose for which it is offered. Fed. R. Evid. 412(c)(1)(A). The motion must be filed at least 14 days before trial unless the court finds good cause to set a different time. Fed. R. Evid. 412(c)(1)(B). The motion must be served on all parties and the victim or, when appropriate, the victim's guardian or representative must be notified. Fed. R. Evid. 412(c)(1)(C) and (D). Defendant has not filed any such motion or provided the government notice in the instant case.

        B.      <u>The Basic Rules of Relevancy Should Preclude the Admission of this Evidence</u>

Rule 401 defines relevancy as "evidence having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable . . ." Fed. R. Evid. 401. And, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger

of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. The evidence that Defendant may seek to introduce - which is not relevant to the charges and, if deemed to be relevant, is highly prejudicial - should be excluded under either Rule.

Defendant is charged with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The victims' sexual history and prior sexual conduct have no bearing whatsoever on either charge nor could it bear on any meritorious defense Defendant intends to raise. This sort of evidence would not have any "tendency to make the existence of any fact that is of consequence . . . more probable or less probable" as required by Rule 401 to be relevant. Although the United States contends that this evidence would not be relevant, if this Court disagrees and considers the evidence to be offered by Defendant to be relevant, it should excluded under Federal Rule of Evidence 403. The sole purpose of introducing this evidence would be to impugn the victims in an effort to impeach their credibility or to impermissibly encourage jury nullification and should be excluded under the balancing test of Rule 403. It has no probative value and the risk of prejudice or confusion of the issues is extreme. In *United States v. Davila*, 704 F.2d 749 (5th Cir. 1983), the Fifth Circuit affirmed the district court's exclusion of the two victims' prior sexual activities, including prostitution. The court stated: "In our view, whatever probative value lay in the evidence as to possible prostitution was minuscule, and the potential for confusion was substantial. We think the district court acted properly in excluding this evidence." *Id*. at 753.

IV. ANY EVIDENCE OF MISTAKE OF AGE SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 403 BECAUSE KNOWLEDGE OF AGE IS NOT AN ELEMENT OF THE OFFENSE AND IS NOT A PROPER DEFENSE.

The government also seeks to bar argument or evidence about Defendant's alleged lack of knowledge of the victim's age with regards to Counts One and Two of the Superseding Bill of Indictment in the above-listed matter. As grounds for this motion, the United States states that, under the law, the defendant's knowledge of the victim's age is not an element required for conviction under Title 18, United States Code, Section 2251. Accordingly, evidence regarding Defendant's purported lack of knowledge of the victim's age is irrelevant and should be excluded with regard to Counts One and Two.

The defendant's knowledge of a victim's minority is not required for a conviction under Title 18, United States Code, Section 2251. The Supreme Court has specifically noted that "producers may be convicted under § 2251(a) without proof they had knowledge of age." *United States v. X Citement Video, Inc.*, 513 U.S. 64, 77, n. 5 (1994); *see also United States v. Griffith*, 284 F.3d 338, 349 (2d Cir. 2002) ("The Supreme Court . . . concluded that § 2251 does not contain a knowledge of age requirement").

Courts of Appeals that have examined the issue have also held that the government does not have to prove that the defendant knew the victim was a minor in order to prove that the defendant violated § 2251. *See United States v. Malloy*, 568 F.3d 166, 171 (4th Cir. 2009), cert. denied, 559 U.S. 991 (2010) ("Knowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense."); *United States v. Deverso*, 518 F.3d 1250, 1257 (11th Cir. 2008) (holding that knowledge of age is not an element of a prosecution under 18 U.S.C. § 2251); *United States v. McCloud*, 590 F.3d 560 (8th Cir. 2009), cert. denied, 131 S.Ct. 72 (2010) (In a case under § 2251(a), preclusion of a reasonable-mistake-of-age defense did not violate the defendant's right to due process); *United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999) (holding that defendant's argument that the government was required to show "that he actually

knew that the victim was a minor . . . [because § 2251] requires both mens rea and scienter elements as to age" was simply "erroneous"). Accordingly, Defendant should not be allowed to argue that he did not know that the victim whom he videotaped engaging in sexually explicit conduct was under the age of 18, where that is not an element of the offense.

The defendant's alleged lack of knowledge of the victim's age, even if proven at trial, does not make it any more or less likely that Defendant employed, used, persuaded, induced or enticed a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. As such, any argument, testimony, or evidence of Defendant's lack of knowledge of the victim's age is irrelevant under Federal Rules of Evidence 401 and 402 and should be precluded. Instead, the information would be used to invite the jury to nullify rather than follow the law. As the Court well knows, "trial courts have the duty to forestall or prevent" a jury from engaging in nullification, because doing so is "a violation of a juror's sworn duty to follow the law as instructed by the court." *United States v. Thomas*, 116 F.3d 606, 616 (2d Cir. 1997); *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) (explaining that trial courts should prevent defense counsel from presenting nullification arguments to the juries).

For the foregoing reasons, Defendant should be precluded from arguing or presenting evidence related to his lack of knowledge of the victim's age with regards to Counts One and Two because it is irrelevant.

V. SELF-SERVING HEARSAY STATEMENTS MADE BY DEFENDANT ARE INADMISSIBLE.

The government moves to preclude Defendant from seeking to introduce any self-serving, out-of-court hearsay statements that he may have made. In an effort to avoid cross-examination Defendant may, rather than testifying on his own behalf, seek to elicit other statements that he

11

made during the government's case-in-chief through the cross-examination of one of the government's witnesses or by presenting witnesses during his case that have spoken to him.

It is well-established under the hearsay rules, however, that a defendant may not avoid testifying by introducing his own self-serving, out-of-court statements through the testimony of another witness. Although admissions by a party opponent are not considered hearsay when admitted against that party, *see* Fed. R. Evid. 801(d)(2), the Fourth Circuit has made clear that there is no "exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (holding that the government's introduction of the defendant's inculpatory statements did not permit the defendant to introduce his exculpatory statements under the rule of completeness).

In short, a defendant may not avoid cross-examination by eliciting his own self-serving, out-of-court statements through other witnesses during the government's case-in-chief or otherwise. As the Eleventh Circuit has noted, "[t]his is precisely what is forbidden by the hearsay rule." *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985) (recognizing that the defendant's attempts to elicit his own exculpatory post-arrest statements through cross-examination of the arresting officer were "[o]bviously" designed "to place [the defendant's] remarks before the jury without subjecting [him] to cross-examination").

Accordingly, the government submits that this Honorable Court should preclude Defendant from eliciting, or testifying to, any out-of-court statements he may have made.

VI. THE ISSUE OF PUNISHMENT IS IRRELEVANT AT TRIAL.

Any potential sentence Defendant may receive if convicted, such as a term of incarceration, or other consequence, such as having to register as a sex offender, has no bearing on the issue the jury is required to determine. It is well established that, unless the jury has a role in sentencing,

the jury may not, in reaching its verdict, consider what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle "is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendants are guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Shannon*, 512 U.S. at 579. Information regarding what sentence might be imposed following a guilty verdict is therefore "irrelevant to the jury's task," *Shannon*, 512 U.S. at 579, and the jury is not to consider the potential punishment that could result from conviction. *United States v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990); *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995).

Moreover, "[t]o inform the jury that the court may impose a minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for a parole, or other matters relating to disposition of the defendant, tends to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided." *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962). Providing sentencing information to the jury "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon,* 512 U.S. at 579. Indeed, it has been recognized that "the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law." *Johnson*, 62 F.3d at 850-51.

Therefore, information relating to punishment or collateral consequences following conviction is irrelevant and should be excluded from evidence or argument in accordance with Fed. R. Evid. 402. Accordingly, the government respectfully requests that this Court enter an

13

order prohibiting Defendant, his counsel, and all witnesses from disclosing to the jury any information regarding the consequences that may result if Defendant is found guilty of the charges contained in the Superseding Bill of Indictment.

VII. THE COURT SHOULD PRECLUDE ARGUMENT OR EVIDENCE REGARDING DEFENDANT'S PERSONAL BACKGROUND.

This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's family circumstances, finances, military service, or other non-pertinent aspects of Defendant's personal background. Such evidence could improperly arouse the sympathy of the jury, and it should be excluded under the Federal Rules of Evidence 401, 402, and 403. To that end, the United States expressly requests that Defendant be precluded from resorting to a common, yet entirely objectionable, defense tactic of "introducing" Defendant to the jury through the use of exhibits (e.g., family photographs), testimony, or other references regarding Defendant's family circumstances, finances, or other non-pertinent aspects of Defendant's personal background. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 states the evidence "which is not relevant is not admissible." Testimony about Defendant's family, finances, or personal background are of no consequence to the determination of any essential facts in this case, and are thus patently irrelevant. Moreover, the introduction of such evidence would violate Federal Rule of Evidence 403. That rule allows a court to exclude relevant evidence where the danger of unfair prejudice or confusion of the issues outweighs the probative value of such evidence. A trial court has "wide latitude" to exclude such prejudicial or confusing evidence. *See United States v. Saenz*, 179 F.3d 686, 689 (9th Cir. 1999). The admission of such evidence would tend "to induc[e] decisions on a purely

emotional basis" in violation of Rule 403. *See* Fed. R. Evid. 403 Advisory Committee Notes; *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998). Juries should not be influenced by sympathy.

Thus, the United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's family circumstances, military service, finances, or other non-pertinent aspects of Defendant's personal background.

VIII. CONCLUSION

For the aforementioned reasons, the government respectfully requests that its motion in limine be granted.

**RESPECTFULLY SUBMITTED**, this the 12th day of April, 2021.

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

s/ Stephanie L. Spaugh
Special Assistant United States Attorney
NC Bar Number: 47877
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Stephanie.spaugh@usdoj.gov

s/ Cortney S. Randall
Assistant United States Attorney
NC Bar Number: 31510
Attorney for the United States
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.344.6222
Fax: 704.344.6629
cortney.randall@usdoj.gov